UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

    Plaintiff,

v.                                                   Case No. 6:20-cv-652-WWB-EJK

FINTECH INVESTMENT GROUP, INC.,
COMPCOIN LLC and ALAN
FRIEDLAND,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on the parties' Joint Motion for Entry of Consent Order ("**Joint Motion**," Doc. 154). The parties request that this Court enter the Consent Order for Permanent Injunction, Civil Monetary Penalty, and Other Equitable Relief ("**Proposed Permanent Injunction**," Doc. 154-1).

"It is well-established in this circuit that an injunction demanding that a party do nothing more specific than 'obey the law' is impermissible." *Elend v. Basham*, 471 F.3d 1199, 1209 (11th Cir. 2006) (citing *Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999)). Therefore, because paragraph 54 of the Proposed Permanent Injunction does nothing more than require Defendants to obey the law (*See* Doc. 154-1 at 16–17), the Motion will be denied in this respect.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Joint Motion (Doc. 154) is **GRANTED in part** as set forth in this Order and Permanent Injunction and **DENIED** in all other respects.

2. The Clerk is directed to close this case.

It is further **ORDERED** that:

3. This Court makes the following findings:

    a. This Court possesses jurisdiction over this matter, and venue is proper in this Court.

    b. The parties affected by this Order and Permanent Injunction consent to this Order and Permanent Injunction's entry to resolve all matters in dispute between them, and it does not constitute an admission by any party.

    c. The Court adopts the parties' agreed findings of fact and conclusions of law (Doc. 154-1 at 4–15), and they are incorporated by reference as if fully set forth herein.

4. For the purposes of the Permanent Injunction, "Defendant" or "Defendants" means Fintech Investment Group, Inc., Compcoin LLC, and Alan Friedland, individually, collectively, or in any combination, along with their representatives and any persons or agents acting on their behalf.

5. This Order and Permanent Injunction shall be binding on the parties to this litigation as well as any person acting under their authority or control and any person that receives actual notice of this Order and Permanent Injunction insofar as he or she is acting in active concert or participation with Defendants.

6. The following Permanent Injunction is entered:

# PERMANENT INJUNCTION

## I. BAN ON CONDUCT

Defendants are permanently restrained, enjoined, and prohibited from directly or indirectly:

A. Trading on or subject to the rules of any registered entity (as that term is defined in 7 U.S.C. § 1a(40));

B. Entering into any transactions involving "commodity interests" (as that term is defined in 17 C.F.R. § 1.3), for their own personal account or for any account in which they have a direct or indirect interest;

C. Having any commodity interests traded on their behalf;

D. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

E. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

F. Applying for registration or claiming exemption from registration with the Commodity Futures Trading Commission ("**CFTC**") in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided for in 17 C.F.R. § 4.14(a)(9); and

G. Acting as a principal (as that term is defined in 17 C.F.R. § 3.1(a)), agent, or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a(38)), registered, exempted from registration, or required to be registered with the CFTC except as provided for in 17 C.F.R. § 4.14(a)(9).

**II.     RESTITUTION**

A.     Within seven days of the entry of this Order and Permanent Injunction, Defendants are ordered to pay, jointly and severally, restitution in the amount of $1,200,000.00 ("**Restitution Obligation**"). If the Restitution Obligation is not paid within seven days of the entry of this Order and Permanent Injunction, post-judgment interest shall accrue on the Restitution Obligation beginning on the eighth day after entry of this Order and Permanent Injunction and shall be determined by using the Treasury Bill rate pursuant to 28 U.S.C. § 1961.

B.     To effect payment of the Restitution Obligation and the distribution of any restitution payments to Defendants' customers, the Court appoints the National Futures Association ("**NFA**") as Monitor ("**Monitor**"). The Monitor shall receive restitution payments from Defendants and make distributions as set forth below. Because the Monitor is acting as an officer of this Court in performing these services, the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

C.     Defendants shall make Restitution Obligation payments and any post-judgment interest payments under this Order and Permanent Injunction to the Monitor in the name "Fintech Restitution Fund" and shall send such payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606 under cover letter that identifies the paying Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief

Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581. Copies should also be simultaneously transmitted to Manal Sultan, Deputy Director, Commodity Futures Trading Commission, 290 Broadway, 6th Floor, New York, New York 10007.

D. The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Defendants' customers identified by the CFTC or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Restitution Obligation payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative cost of making a distribution to eligible customers is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the CFTC following the instructions for civil monetary penalty payments set forth herein.

E. Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Defendants' customers to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments. Defendants shall execute any documents necessary to release funds that they may have in any repository, bank, investment, or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

F. The Monitor shall provide the CFTC at the beginning of each calendar year with a report detailing the disbursement of funds to Defendants' customers during the previous year. The Monitor shall transmit this report under a cover letter that identifies the

name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

G.  The amounts payable to each customer shall not limit the ability of any customer from proving that a greater amount is owed from Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any customer that exist under state or common law.

H.  Pursuant to Federal Rule of Civil Procedure 71, each customer of Defendants, excluding Alan Friedland, his immediate family, and employees of Compcoin LLC and Fintech Investment Group, Inc., who suffered a loss is explicitly made an intended third-party beneficiary of this Order and Permanent Injunction and may seek to enforce obedience of this Order and Permanent Injunction to obtain satisfaction of any portion of the restitution that has not been paid by Defendants to ensure continued compliance with any provision of this Order and Permanent Injunction and to hold Defendants in contempt for any violations of any provision of this Order and Permanent Injunction.

I.  To the extent that any funds accrue to the U.S. Treasury for satisfaction of Defendants' Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

J.  Acceptance by the CFTC or the Monitor of any partial payment of Defendants' Restitution Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Order and Permanent Injunction, or a waiver of the CFTC's right to seek to compel payment of any remaining balance.

## III.     CIVIL MONETARY PENALTY

A. Within seven days of the entry of this Order and Permanent Injunction, Defendants are ordered to pay, jointly and severally, a civil monetary penalty in the amount of $600,000.00 ("**CMP Obligation**"). If the CMP Obligation is not paid within seven days of the entry of this Order and Permanent Injunction, then post-judgment interest shall accrue on the CMP Obligation beginning on the eighth day after entry of this Order and Permanent Injunction and shall be determined by using the Treasury Bill rate pursuant to 28 U.S.C. § 1961.

B. Defendants shall pay their CMP Obligation and any post-judgment interest by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> Division of Enforcement
> 6500 S. MacArthur Blvd.
> HQ Room 181
> Oklahoma City, Oklahoma 73169
> (405) 954-6569 office
> (405) 954-1620 fax
> 9-AMC-AR-CFTC@faa.gov

If payment by electronic funds transfer is chosen, Defendants shall contact Tonia King or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligation with a cover letter that identifies Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading

7

Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581. Copies should also be simultaneously transmitted to Manal Sultan, Deputy Director, Commodity Futures Trading Commission, 290 Broadway, 6th Floor, New York, New York 10007.

C. Acceptance by the CFTC or the Monitor of any partial payment of Defendants' CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Order and Permanent Injunction, or a waiver of the CFTC's right to seek to compel payment of any remaining balance.

IV. **NOTICE REQUIREMENTS**

A. All notices required to be given by any provision in this Order and Permanent Injunction shall be sent certified mail, return receipt requested, as follows:

1. Notice to CFTC:

Manal Sultan
Deputy Director
Division of Enforcement
Commodity Futures Trading Commission
290 Broadway, 6th Floor
New York, New York 10007

2. Notice to Defendants:

Joshua A. Cossey
Sentinel Law, P.A.
301 W. Bay St., Ste. 14106
Jacksonville, Florida 32202
Phone: 800-484-6406
Email: joshuac@sentinellaw.com

All such notices to the CFTC shall reference the name and docket number of this action.

B. Until such time as all Defendants satisfy in full their CMP and Restitution Obligations under this Order and Permanent Injunction, upon the commencement by or against any Defendant of insolvency, receivership, or bankruptcy proceedings or any other proceedings for the settlement of any Defendant's debts, all notices to creditors required to be furnished to the CFTC under Title 11 of the United States Code or other applicable law with respect to such insolvency, receivership, bankruptcy, or other proceedings, shall be sent to the address below:

> Secretary of the Commission
> Legal Division
> Commodity Futures Trading Commission
> Three Lafayette Centre
> 1155 21st Street N.W.
> Washington, DC 20581

C. Until such time as Defendants satisfy in full their CPM and Restitution Obligations as set forth in this Order and Permanent Injunction, Defendants shall provide written notice to the CFTC by certified mail of any change to their telephone numbers or mailing addresses within ten calendar days of the change.

## V. RETENTION OF JURISDICTION

This Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order and Permanent Injunction.

**DONE AND ORDERED** in Orlando, Florida on March 24, 2022.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record